### BEAL v. NATIONAL EXCH. BANK OF DALLAS.

(Circuit Court of Appeals, First Circuit. May 23, 1893.)

#### No. 32.

BANKS AND BANKING—COLLECTIONS—INSOLVENCY.

Where a bank sends commercial paper to another bank for collection and credit on general account, the custom between them being to enter the credit only when the paper is collected, the relation between the banks is that of principal and agent until the collection is made and the money received by the second bank; and if the latter sends it to another bank, which collects the paper, but does not remit the proceeds until after the agent bank has failed, the principal can recover the proceeds from the receiver thereof. 50 Fed. Rep. 355, affirmed. Bank v. Armstrong, 13 Sup. Ct. Rep. 533, followed.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

In Equity. Bill by the National Exchange Bank of Dallas against Thomas P. Beal, receiver of the Maverick National Bank of Boston, to recover the amount of a certain draft collected through the latter bank. A demurrer to the bill was overruled. 50 Fed. Rep. 355. By a stipulation filed, the allegations of the bill were taken, at the hearing, as an agreed statement of the facts, and the court entered a decree for complainant. Defendant appeals. Affirmed.

The facts as alleged in the bill were, in substance, as follows: The plaintiff bank sent to the Maverick Bank a draft for collection and credit on general account. The draft was payable in Taunton, and the Maverick Bank sent it to the Taunton National Bank at Taunton for collection and credit; and on October 31, 1891, the Taunton Bank collected the draft, and credited its amount to the Maverick Bank, and mailed a letter to the Maverick Bank stating that it had done so. October 31st was the last day that the Maverick Bank did business, it being taken charge of the next day by a national bank examiner, and closed by the direction of the comptroller of the currency. The letter written by the Taunton Bank did not, therefore, arrive until after the failure, and consequently no entry of credit on account of this draft was made by the Maverick Bank to the plaintiff. The Taunton Bank had no mutual account with the Maverick Bank, and was in the habit of remitting the proceeds of paper sent it by the Maverick Bank for collection every five days, and sent a check for the amount of the draft collected by it to the receiver. The usage between the plaintiff and the Maverick Bank was that the Maverick Bank credited the amounts of drafts sent it by the plaintiff for collection on the day the same were collected on general account, and did not keep the proceeds of such drafts separate, but mingled them with its funds; and this was done with the knowledge of the plaintiff.

Edward W. Hutchins and Henry Wheeler, for appellant.

John C. Gray, for appellee.

Before COLT, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. We are of opinion that this case is governed by the decision of the supreme court in Bank v. Armstrong, rendered March 6, 1893, (13 Sup. Ct. Rep. 533,) and it follows that the decree of the circuit court must be affirmed.